**KNOXVILLE HOTEL PROPERTIES, LTD.**

v.

**HARDIN CONSTRUCTION COMPANY.**

Civ. No. 3–82–325.

United States District Court,
E. D. Tennessee, N. D.

June 7, 1982.

Robert L. Crossley, Knoxville, Tenn., for plaintiff.

John O. Threadgill, Knoxville, Tenn., Kent P. Smith and Brian G. Corgan, Atlanta, Ga., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This action stems from the construction of the Knoxville Hilton Hotel. Plaintiff Knoxville Hotel Properties, Ltd., owner of the project, filed this action in the Chancery Court for Knox County, Tennessee against defendant Hardin Construction Company, the general contractor. In that suit plaintiff sought money damages for breach of the contract, a declaratory judgment and an injunction preventing defendant from proceeding with arbitration. Plaintiff was granted a temporary restraining order which expired today. Defendant removed the action to this Court. The case is before the Court on plaintiff's motion for a preliminary injunction or alternatively to extend the temporary restraining order and defendant's motion to stay judicial proceedings and compel arbitration. The parties have thoroughly briefed the issues involved and have presented oral arguments.

The contract between the parties provides for arbitration of disputes in § 7.9.1:

All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

Plaintiff seeks to avoid arbitration by revoking its agreement to arbitrate, as allowed by Tennessee law. The contract in this case evidenced a transaction involving interstate commerce. See Affidavit of Carl M. Hair, Jr. Therefore, this action is governed by the United States Arbitration Act, which provides that

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. This provision has been held to create federal substantive law. *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402 (2nd Cir. 1959). Counsel for plaintiff suggested at oral argument that the decision of the United States Supreme Court in *Prima Paint Corp. v. Flood & Conklin*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) does not require that we apply federal rather than state law. We disagree. Defendant has a right to invoke the arbitration procedure, and this may not be circumvented by state law. *See In re Mercury Construction Corp.*, 656 F.2d 933 (4th Cir. 1981), *rehearing denied*, 664 F.2d 936 (4th Cir.); *Collins Radio Co. v. Ex-Cell-O Corp.*, 467 F.2d 995 (8th Cir. 1972).

■ Plaintiff also argues that defendant has failed to comply with a provision of the contract requiring that disputes be referred to the architect before arbitration may be demanded. The Court was advised this morning that the architect has rendered a decision. Plaintiff's counsel objects to the decision since he was not given an opportunity to be heard. These are questions for the arbitrator, and the Court, therefore, will not pass on them.

For the reasons stated, it is ORDERED that plaintiff's motion for a preliminary injunction or alternatively to extend the temporary restraining order be, and the same hereby is, denied. It is further ORDERED that defendant's motion to compel arbitration be, and the same hereby is, granted. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.